John P. Donohoe, J.
The decision herein dated March 11. 1965 is recalled.
• Upon reconsideration, it appears that the relator was sentenced to serve a term of from one and one-half to two years. He was received at Sing Sing Prison on June 3, 1964. His *437 minimum and maximum terms were computed by the respondent as follows:

In his petition for a writ of habeas corpus the petitioner contended that he was denied credit for approximately seven months’ jail time served before sentence was imposed. The return showed credit for jail time of 38 days or 1 month and 8 days’ jail time. As a result of this court’s request that an investigation be made into the contention of the petitioner, a corrected certificate has been issued by the New York City Department of Correction which shows that petitioner is entitled to jail time credit of 196 days, which this court computes to 6 months and 16 days’ jail time.
Based upon the corrected certificate, the computation of maximum and minimum times should have been as follows:

Based solely on these computations, the relator’s mfmTnnm term would , then have expired on January 19, 1965, and his maximum term will expire on November 17,1965.
*438 The respondent argues, however, that subdivision 3 of section 230 of the Correction Law controls the period of imprisonment so as to prohibit release in less than one year. The pertinent provision of that subdivision (second sentence) says: “No prisoner, however, shall be released under the provisions hereof from a state prison until he shall have served at least one year.”
Section 230 is included in article 9 of the Correction Law, which is entitled “ Discretionary Reductions of Sentences in State Prisons and Penitentiaries ”. The article applies to reductions in accordance with rules established by the Commissioner of Correction for good conduct and willing and efficient performance of duties. It does not refer in any case to credit for jail time served prior to commencement of the term in a State prison.
Section 231 throws the issue into further confusion by saying: ‘ ‘ Commencement of term of imprisonment. For the purpose of this article the term of imprisonment of each prisoner shall begin on the date of his actual incarceration in a state prison or penitentiary ”.
Apparently these are the foundations upon which sentencing Judges and District Attorneys have long, informed convicted felons that upon sentence they must serve at least one year in a State prison or penitentiary. However, subdivision 3 of section 230 does not apply to credit for jail time served so as to require a person sentenced to a State prison to serve at least one year, regardless of jail time served. The words “No prisoner, however, shall be released under the provisions hereof ” [emphasis added] make it plain that only the discretionary allowance under article 9 may not be used to effect release in less than one year. No authorities have been found on the point, but it seems clear that the words “ under the provisions hereof ” have the effect of saying that reduction below one year is only barred under allowances for good conduct.
The allowance of 3 months and 24 days set forth in the computation of minimum term would not apply, because it has the effect of reducing the total time served below one year, and section 230 prohibits that effect. It does not, and should not, in justice, prohibit credit for jail time served. The correct computation applicable to the relator is therefore:

*439 The court does not pass on the question of whether credit is allowable under article 9, as that determination is an administrative one to be made under the rules of the Department of Correction. The petition is denied. The writ is dismissed and the relator is remanded to the custody of the Warden of Sing Sing State Prison.